IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRY NELSON, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC; ARAMARK SPORTS AND ENTERTAINMENT SERVICES LLC, d/b/a LAKE POWELL RESORTS & MARINA; and TWIN ANCHORS MARINE, LTD.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br><br>Case No. 2:14-cv-00474<br><br>District Judge David Nuffer |

  Plaintiff Terry Nelson filed suit against Aramark Sports and Entertainment Services, LLC ("Aramark") and Twin Anchors Marine, Ltd. ("Twin Anchors") after allegedly sustaining injuries on a houseboat rented to him by Aramark and manufactured by Twin Anchors. Aramark answered Mr. Nelson's complaint and filed a cross-claim[1] against Twin Anchors on August 15, 2014. Aramark's cross-claim complaint alleged several causes of action, including equitable indemnity, contractual indemnity, breach of contract, and apportionment. Twin Anchors filed a motion[2] to transfer venue of the Aramark cross-claim to the District of Arizona under 28 U.S.C. § 1404(a). For the reasons below, Twin Anchors' Motion to Transfer Venue is GRANTED.

## OVERVIEW OF MOTION

  Twin Anchors bases its motion to transfer the cross-claim on the choice of law and forum-selection clause found in its Houseboat Purchasing Agreement with Aramark ("Agreement").[3] The relevant clause in the Agreement states,

> This Agreement shall extend to and bind the parties hereto and their respective permitted successors and assigns, and shall be governed and construed

---

[1] Aramark's Cross-Claim Against Twin Anchors, docket no. 9, filed Aug. 15, 2014.

[2] Motion and Supporting Memorandum to Transfer Venue, docket no. 41, filed Aug. 15, 2014.

[3] *See generally id.*

exclusively under the laws of the State of Arizona. Any dispute that is litigated must be brought in the United States District Court for the District of Arizona to the exclusion of all other courts or tribunals.[4]

In opposition to the Motion to Transfer Venue, Aramark makes four principal arguments. First, Aramark argues that judicial economy and consistency of results "weigh heavily against transfer."[5] In support of its argument, Aramark notes that transferring venue will result in duplicative witness testimony, unnecessary travel, and re-litigation of similar issues because the principal case will remain in Utah.[6] Second, Aramark contends that transfer is particularly inefficient in this suit given that only a portion of the cross-claims can be transferred because "[n]ot all of Aramark's claims against Twin Anchors are contractual."[7] Third, Aramark argues that the forum-selection clause is permissive, rather than mandatory, and is therefore entitled to less weight.[8] Finally, Aramark maintains that it only intended the forum-selection clause to apply to "independent disputes between Aramark and Twin Anchors," and not to cross-claim disputes when both parties are co-defendants.[9]

## DISCUSSION

### I.     Legal Standard for Transferring Venue under § 1404(a) when there is a Valid Forum-Selection Clause.

28 U.S.C. § 1404(a) provides that "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The § 1404(a) analysis differs depending

---

[4] Purchasing Agreement ¶ 17.D, attached as Exhibit A to Aramark's Cross-Claim Against Twin Anchors, docket no. 9-1, filed Aug. 15, 2014.

[5] *See* Aramark's Opposition to Twin Anchors' Motion to Transfer Venue at 4, docket no. 48, filed Nov. 24, 2014.

[6] *Id.* at 4–5.

[7] *Id.* at 5.

[8] *Id.* at 5–6.

[9] *Id.* at 6–7.

on the circumstances of the case. In the typical case, the court is to engage in the multi-factor *forum non conveniens* analysis to determine if transfer of venue is proper.[10] However, the U.S. Supreme Court in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas* altered the analysis when a forum-selection clause is present. Under *Atlantic Marine*, rather than engaging in typical *forum non conveniens* balancing, "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum."[11] The general rule in such cases is that "a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'"[12] In those cases, only "extraordinary circumstances unrelated to the convenience of the parties" may overcome transfer based on a valid mandatory forum selection clause.[13]

      A forum-selection clause is only given controlling weight, and the *Atlantic Marine* holding is only applicable, when the clause is "mandatory" rather than "permissive."[14] Mandatory clauses allow for *only one* proper venue in the event of litigation, whereas permissive clauses express that a given venue is proper without requiring litigation to occur in that venue.

      Thus, when a mandatory forum-selection clause binds two parties, "they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."[15] The parties' private interests, including the plaintiff's original choice of forum, are therefore disregarded, and instead, the cross-claim plaintiff bears the burden of proving that certain public-interest factors overcome the controlling

---

[10] *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[11] 134 S. Ct. 568, 581(2013) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31(1988)).

[12] *Id.* (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)).

[13] *Id.*

[14] *See King v. PA Consulting Grp., Inc.*, 78 Fed. Appx. 645, 649 (10th Cir. 2003); *see also Karl W. Schmidt & Assocs., Inc. v. Action Envtl. Solutions, LLC*, 2014 WL 6617095 (D. Colo. Nov. 21, 2014) (same).

[15] *Atl. Marine*, 134 S. Ct. at 582.

weight of the forum-selection clause.[16] The public-interest factors to be considered are (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, and (3) the interest in having the trial of a diversity case in a forum that is at home with the law.[17] *Atlantic Marine* adds, however, that the public-interest factors "will rarely defeat a transfer motion" when a valid forum-selection clause controls.[18] "When parties have contracted in advance to litigate disputes in a particular forum," the Supreme Court explains, "courts should not unnecessarily disrupt the parties' settled expectations."[19]

## II. Transfer of Venue is Proper under § 1404(a) and *Atlantic Marine*.

Transfer of this case to the District of Arizona is proper. Aramark does not dispute that the forum-selection clause in its Purchasing Agreement with Twin Anchors is valid, and as a result, the *Atlantic Marine* analysis governs Twin Anchors' Motion. Moreover, because this case is not the sort of "exceptional case" requiring consideration of private interests because of "extraordinary circumstances unrelated to the convenience of the parties,"[20] the only relevant factors this Court must consider are the aforementioned public-interest factors.[21]

## Public-Interest Considerations Do Not Defeat the Venue Clause

Aramark first argues that judicial economy and consistency of results weigh heavily against transfer.[22] Aramark raises an important distinction between this case and *Atlantic Marine*: cross-claim transfers of venue require the parties to engage in litigation in two separate

---

[16] *Id.* at 581 n.6.

[17] *Id.* (quotations omitted).

[18] *Id.* at 582.

[19] *Id.* at 583; *see also Barajas v. Myriad Genetic Laboratories, Inc.*, 2014 WL 5681691, at *2 (D. Utah, Nov. 4, 2014).

[20] *Atl. Marine*, 134 S. Ct. at 581.

[21] Mr. Nelson has consented to the transfer. Plaintiff's Non-Opposition to Defendant Twin Anchors Marine, Ltd.'s Motion to Transfer Venue, docket no. 47, filed Nov. 20, 2014.

[22] Aramark's Opposition to Twin Anchors' Motion to Transfer Venue at 4–5.

locations. *Atlantic Marine* simply moved an entire case from one venue to another. However, this distinction does not void the forum-selection clause. Aramark argues that judicial economy is served by denying transfer because necessary witnesses are in Utah, not Arizona.  Further, the events giving rise to this litigation occurred in Utah, not Arizona, and Aramark's litigation costs will increase if the case is transferred. None of these arguments relates to court congestion or any of the public interest factors. Instead, each pertains to the inconvenience to Aramark of transferring its claims to Arizona.  Because *Atlantic Marine* controls, such private interest concerns are immaterial and Aramark has presented no persuasive court congestion argument to void the clause.

Even though Utah and Arizona federal courts will make determinations regarding similar issues in this case, this does not overcome the strong policy favoring enforcement of the parties' contract.  The Court in *Atlantic Marine* noted that public interest factors "will rarely defeat a transfer motion" except in "unusual cases."[23] Lower courts have found that *Atlantic Marine*'s unequivocal language regarding the force of forum-selection clauses applies even when it will result in duplicative litigation. For example, the Western District of Texas noted that even if transfer of related claims "would result in an 'egregious waste of judicial resources,'" such circumstances standing alone would not "rise to a level sufficient to deny a motion to transfer."[24] The Eastern District of Louisiana held that cross-claim parties' "freedom to contractually select a venue for their disputes should not be undone merely because the plaintiff . . . brought suit in [a different venue]."[25] Further, a concurrence to the Fifth Circuit's decision in *In re Rolls Royce Corp.* stated, with regard to *Atlantic Marine*, that "[i]t seems highly unlikely that the Supreme

---

[23] *Atl. Marine*, 134 S. Ct. at 582.

[24] *1-Stop Fin. Serv. Ctrs. of Am., LLC v. Astonish Results, LLC*, 2014 WL 279669, at *6, *10 (W.D. Tex. Jan. 23, 2014).

[25] *Crawford v. BP Corp. N. Am.*, Case No. 2:13-cv-000445, docket no. 34, at 10 (E.D. La. Jan. 9, 2014).

Court granted certiorari and awarded the extraordinary relief of mandamus simply to proclaim that a forum selection clause must prevail only when one party sues one other party."[26]

The majority in *Rolls Royce Corp.* held that the court must consider the private interests of those parties who have not contracted to a forum selection clause.[27] That analysis does not apply in this case because all parties to be affected by the transfer of venue are parties to the forum selection clause. Mr. Nelson's rights as plaintiff are unaffected by the transfer of cross-claims between Aramark and Twin Anchors. Even if Mr. Nelson's private interests were considered, his response to the motion to transfer[28] makes clear that he is not opposed to transfer. The above opinions follow with the definitive language in *Atlantic Marine* favoring transfer, whereas Aramark's judicial economy argument ignores that language. Aramark's judicial economy argument is insufficient to avoid transfer.

The remaining two public interest considerations—local interest in having localized controversies decided at home and the interest in having the trial of a diversity case in a forum that is at home with the law—are not material. Aramark has not presented any local interest in deciding the cross-claim dispute in the District of Utah. Further, the case between Aramark and Twin Anchors will be governed by Arizona law according to the terms of the Agreement. The District of Arizona will not be required to apply Utah law to Aramark's claim, and the interest in applying the law of the forum that is "at home with the law" is therefore not a relevant consideration against transfer.

**All Cross-Claims Are Transferable**

---

[26] *In re Rolls Royce Corp.*, 775 F.3d 671, 685 (5th Cir. 2014) (Jones, J., concurring).

[27] *Id.* at 681.

[28] Plaintiff's Non-Opposition to Defendant Twin Anchors Marine, Ltd.'s Motion to Transfer Venue, docket no. 47, filed on Nov. 20, 2014.

Second, Aramark argues that only its contract-based cross-claims are transferrable to the District of Arizona, leaving its equitable indemnity and apportionment claims in the District of Utah.[29] Several courts have reasoned that "if the terms of [a forum-selection] clause do not cover [a] particular claim[,] then the clause will not support transfer under section 1404(a) . . . ."[30] This principle has been applied in the District of Utah in *Berrett v. Life Ins. Co. of the Southwest*,[31] where the court held that tort claims unrelated to the parties' contract were not transferrable.[32]

Though the Tenth Circuit has not addressed the issue, the court in *Berrett* noted that forum-selection clauses may cover all claims between parties when the clause is broadly worded.[33] In such a case, if there is some relation between the contractual and non-contractual claims,[34] or the operative facts are the same,[35] then the claims may be transferred.

Aramark's equitable indemnity claim is transferrable under its forum-selection agreement with Twin Anchors. "*Any dispute*" that is litigated between the parties is, by virtue of the forum-selection clause, to occur in the District of Arizona.[36] Aramark fails to explain why its equitable indemnity claim falls outside of the clause's plain and expansive language. Even if the clause is read to encompass only contractual claims, the indemnity claim is related to the contract and the operative facts are identical to Aramark's contractual claims. Accordingly, Aramark's equitable

[29] Aramark's Opposition to Twin Anchors' Motion to Transfer Venue at 5.

[30] *McKenna v. CDC Software, Inc.*, 2008 WL 4197740, at *6 (D. Colo. Sept. 9, 2008) (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 692 (8th Cir. 1997)).

[31] 623 F.Supp. 946 (D. Utah 1985).

[32] *Id.* at 949.

[33] *Id.* at 948–49.

[34] *See The CAO Group, Inc. v. Federal -Mogul Corp.*, 2009 WL 562287, at *1 (D. Utah March 3, 2009); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513–14 (9th Cir. 1988).

[35] *Lambert v. Kysar*, 983 F.2d 1110, 1121–22 (1st Cir. 1993).

[36] *See* Purchasing Agreement ¶ 17.D (emphasis added).

indemnity cross-claim against Twin Anchors should be litigated in the District of Arizona along with its contractual cross-claims.

Aramark is correct that its apportionment claim should remain in the District of Utah, but Aramark provides no reason why this should defeat the motion to transfer the contract based cross-claims. Because apportionment will occur with or without the cross-claim here,[37] it would be unnecessarily duplicated if transferred. However, an apportionment cross-claim *is* necessary within this suit for standing purposes. If Twin Anchors moves independently for summary judgment against Mr. Nelson, under Utah law, Aramark's apportionment cross-claim is necessary to create standing to oppose that motion.[38] Because the cross-claim is not necessary outside of Mr. Nelson's suit, and is necessary for Aramark in this suit, the apportionment cross-claim should remain in the District of Utah. All other cross-claims are transferrable to the District of Arizona.

### The Forum Selection Clause is Mandatory

Third, Aramark asserts that the forum-selection clause governing this case is permissive rather than mandatory.[39] Aramark correctly defines the test to be applied, but fails to apply it properly. The clause requires that any dispute between the parties must be brought in the District of Arizona "*to the exclusion of all other courts and tribunals*."[40] This phrase does not simply *permit* filing in the District of Arizona, it *requires* it. As a result, the clause is mandatory and the *Atlantic Marine* analysis applies.

---

[37] Utah Code Ann. § 78B-5-818(4)(a).

[38] *See Howeth v. Aramark Corp.*, 2011 WL 2414377, at *3 (D. Utah June 14, 2011).

[39] Aramark's Opposition to Twin Anchors' Motion to Transfer Venue at 5–6.

[40] *See* Purchasing Agreement ¶ 17.D (emphasis added).

**The Clause Applies to Cross-Claims**

Finally, Aramark argues that it only intended the forum-selection clause to apply to independent suits between it and Twin Anchors.[41] It is correct that transfer of the cross-claims will result in substantial inconvenience because of the underlying personal injury litigation with the plaintiff, Mr. Nelson. However, the language of the clause governs and, by its plain terms, there is no indication that it should not apply to cross-claims.

**ORDER**

For the reasons stated above, Twin Anchors' Motion to Transfer Venue[42] is GRANTED. IT IS HEREBY ODERED that Aramark's cross-claims, except its apportionment cross-claim, be transferred to the United States District Court for the District of Arizona.

DATED this 9th day of March, 2015.

BY THE COURT:

_____

David Nuffer
United States District Judge

---

[41] Aramark's Opposition to Twin Anchors' Motion to Transfer Venue at 6–7.

[42] Docket no. 41, filed Aug. 15, 2014.